IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNARD SHERO**, *et al.*,  : | |
| Plaintiffs,  : | |
| : | |
| v.  : | **CIVIL ACTION NO. 24-CV-6073** |
| : | |
| **DANIEL PATRICK**  : | |
| **GALLAGHER**, *et al.*,  : | |
| Defendants.  : | |

MEMORANDUM

**PEREZ, J.**                                                                                                            **JANUARY 15, 2025**

Plaintiff Bernard Shero, proceeding *pro se*, brought this civil action against Daniel Patrick Gallagher, asserting claims for false arrest and malicious prosecution in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983, and for intentional infliction of emotional distress ("IIED") under Pennsylvania law. (*See* Compl., ECF No. 2 at 20-24.) Shero also purports to assert a state-law tort claim for loss of consortium on behalf of his "family and relatives." (*Id.* at 24-25.) He has filed motions to proceed *in forma pauperis* and for the appointment of counsel. (*See* ECF Nos. 1, 3.) For the following reasons, the Court will grant Shero's motion to proceed *in forma pauperis*, deny his motion for appointment of counsel, and dismiss his Complaint.

I.      **FACTUAL ALLEGATIONS**[1]

Shero states that he was a teacher for the Archdiocese of Philadelphia from 1998 to 2009.

---

[1] The facts set forth in this Memorandum are taken from Shero's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Additionally, the Court may take judicial notice of facts reflected in publicly available state court records. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

(Compl. at 2.)  In brief, he alleges that, in 2009, Defendant Daniel Gallagher accused Shero of sexually assaulting him when he was a student in 1998.  (*See generally id.* at 2-18.)  Shero alleges that, in 2011, the Philadelphia District Attorney engaged in a high-profile prosecution of him based on Gallagher's allegations, during which the District Attorney made numerous public statements about Shero's guilt.  (*See id.* at 18-19.)  Shero explains that "the criminal proceedings terminated with Shero being found guilty and forced to serve four and one half (4 1/2) years [at SCI] Houtzdale and ten (10) years['] probation."[2]  (*Id.* at 22.)  Shero states that in January 2017, he was provided with an affidavit prepared by one of the investigators assigned to his case, which contained information that had not been previously disclosed to him and called into question the veracity and consistency of Gallagher's allegations.  (*Id.* at 13-18.)  Shero claims injuries based on his incarceration, the loss of his employment and inability to secure a new job as a teacher, and various reputational and emotional effects.  (*Id.* at 22-23.)  He seeks injunctive relief and damages.  (*Id.* at 25.)

## II.     STANDARD OF REVIEW

The Court will grant Shero leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Shero's Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the

---

[2] The Court takes judicial notice of publicly available Pennsylvania court records indicating that Shero was found guilty on multiple counts by a jury on January 30, 2013; a petition under the Pennsylvania Post-Conviction Relief Act was granted on August 14, 2017; and Shero pleaded nolo contendere to new, related charges and was sentenced on that same day.  *See Commonwealth v. Shero*, No. CP-51-CR-0003529-2011 (C.P. Phila).

*pro se* Complaint as true, draw all reasonable inferences in Shero's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Iqbal*, 556 U.S. at 662. Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Shero is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

### III.   DISCUSSION

Two initial matters: First, to the extent that Shero seeks "injunctive [r]elief freeing [Shero] from his remaining sentence of probation" (Compl. at 25), such relief must be sought in a petition for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *cf. Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (explaining that "being on probation meets the 'in custody' requirement for purposes of the habeas statute").

Second, although Shero includes unnamed John and Jane Doe Defendants in the caption of his Complaint, and his recitations of fact and purported damages reference members of the

Philadelphia District Attorney's Office, the Court notes that Gallagher is the only Defendant listed as a party in the body of the Complaint or specifically referenced in the three "Counts" of the Complaint.  (*See* Compl. at 2, 20-25.)  Accordingly, the Court considers only Shero's claims against Gallagher.

### A.      Claims under § 1983

Shero has failed to state a claim against Gallagher, a private citizen, for false arrest or malicious prosecution pursuant to § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").  Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, the Third Circuit has outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (cleaned up).

Shero's claims for false arrest and malicious prosecution are predicated on the assertion that Gallagher "conspired and/or acted in concert with the Philadelphia District Attorney's Office to institute criminal proceedings for falsified criminal charges without probable cause against Shero." (Compl. at 22, ¶ 99.) Those claims fail. "Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian complaint does not transform a private citizen into a State actor." *Sous v. Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)). Participation in the related police investigation does not render a private person a state actor for purposes of § 1983. *See Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police—or answering police questions about that conduct—without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983).

Moreover, Shero's claims derive from Gallagher's allegedly false testimony as a witness at a grand jury hearing or at Shero's trial. (*See* Compl. at 20-21, ¶ 98 ("Defendant violated Shero's . . . rights to be free from false arrest and malicious prosecution without probable cause and without due process as he willfully and knowingly gave false testimony at a duly empaneled

Investigating Grand Jury and subsequent criminal trial.").) Individuals are entitled to absolute immunity from civil rights claims based on testimony in court, including at pretrial hearings. *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012) ("[W]e conclude that grand jury witnesses should enjoy the same immunity as witnesses at trial."); *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988) (stating that witness immunity is "firmly bottomed in public policy" (citing *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983) (holding that under absolute witness immunity a convicted defendant could not state a claim for damages under § 1983 against a police officer who had allegedly given perjured testimony at the defendant's criminal trial))).

Gallagher's statements to the police do not render him a state actor, and he is immune from liability under § 1983 for his testimony as a witness in Shero's prosecution. Accordingly, Shero cannot state a claim against Gallagher for false arrest or malicious prosecution under § 1983, and these claims will be dismissed.

### B. State Law Claims

Shero brings claims under Pennsylvania law for intentioned infliction of emotional distress ("IIED")[3] on behalf of himself, and for loss of consortium on behalf of his "Family and Relatives." (Compl. at 23-25.)

As to Shero's claim for IIED, even assuming that it could be cognizable,[4] it is untimely. Shero's IIED claim is subject to Pennsylvania's two-year statute of limitations for tort actions.

---

[3] Shero mentions 18 U.S.C. § 2520 in reference to his IIED claim. (*See* Compl. at 24.) That statute, related to the interception, disclosure, or other unauthorized use of communications, has no bearing on IIED claims or otherwise on this action, so Shero's citation is inapposite.

[4] For purposes of statutory screening, the Court will presume without deciding that, under some circumstances, a false allegation of sexual assault could support an IIED claim under Pennsylvania law. *See, e.g., Skinner v. Hadlock*, No. 22-3087, 2022 WL 16856352, at *5 (E.D. Pa. Nov. 10, 2022) ("Courts have recognized valid IIED claims at the motion to dismiss stage related to allegedly false accusations of sexual assault or rape." (citing, *inter alia*, *Roberts v.*

*See* 42 Pa. Cons. Stat. Ann. § 5524(7) (West 2014). As a general rule, "the statute of limitations begins to run as soon as the right to institute and maintain the suit arises," *Sevast v. Kakouras,* 915 A.2d 1147, 1153 (Pa. 2007), a determination that must also consider the extent of plaintiff's knowledge of the event, *Crouse v. Cyclops Indus.,* 745 A.2d 606, 611 (Pa. 2000) (holding that the statute is tolled until the plaintiff knows or reasonably should know of the event). A statute of limitations is an affirmative defense that normally must be raised in an answer to the complaint. *See* Fed. R. Civ. P. 8(c). "[A] complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014). Yet a court may evaluate the statute of limitations for purposes of a dismissal at the pleading stage, "but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks and citations omitted).

It appears that Shero knew of Gallagher's allegations as of the time of his charging, in 2011, and the time of his conviction in 2013. Shero's Complaint states that he received the investigator's affidavit in January 2017, (*see* Compl. at 18, ¶ 71), which forms the basis of his assertion that Gallagher's allegations were false. To the extent then that he could state any claim to relief based on Gallagher's purportedly false allegations, the limitations period began to run—at the latest—in January 2017, and expired in January 2019. Shero filed this action in November

---

*Toal*, No. 94-0608, 1995 WL 51678 (E.D. Pa. Feb 8, 1995) (Rendell, J.), *aff'd* 133 F.3d 910 (3d Cir. 1997))). *But see Thompson v. City of Williamsport*, No. 22-1159, 2024 WL 1747645, at *17 (M.D. Pa. Apr. 23, 2024) ("Falsely initiating a criminal prosecution without probable cause ordinarily does not support a cause of action for IIED, even where the false arrest was intentionally orchestrated." (citations omitted)); *Roberts*, 1995 WL 51678, at *8 n.6 (noting that "recovery under this theory is rare in Pennsylvania" when allowing a claim to proceed at the pleading stage)).

2024, over five years after the expiration of the limitations period. His IIED claim is thus facially untimely and will be dismissed.

As to the loss of consortium claim, under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."). Accordingly, because Shero may not pursue claims on another party's behalf, his loss of consortium claim will be dismissed.

IV.     **CONCLUSION**

For the foregoing reasons, Shero's Complaint will be dismissed. His § 1983 and IIED claims brought on his own behalf will be dismissed with prejudice; his claim for loss of consortium brought on behalf of others will be dismissed without prejudice. Leave to amend will not be granted, as any attempt at amendment would be futile.[5] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

BY THE COURT:

_____
**MIA R. PEREZ, J.**

---

[5] Shero's Motion to Appoint Counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim").